**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gervacio Hernandez Aguilera, et al.,

Plaintiffs,

v.

Angelo Hanael Barrera Garcia, et al.,

Defendants.

No. CV-25-00681-PHX-MTL

**ORDER**

Before the Court are Defendants Angelo Hanael Barrera Garcia and Atzimba Catering LLC's Motion for Leave to Amend Their Answer (Doc. 90) and Motion for Partial Summary Judgment (Doc. 81). The motions are fully briefed, and the Court finds a hearing unnecessary because it would not aid the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). The parties are familiar with the facts, so the Court does not recite them here.

**I.**

**A.**

Because the deadline to amend the pleadings set out in the Court's Scheduling Order has passed, the Court evaluates the Motion for Leave to Amend under both Federal Rules of Civil Procedure ("Rules") 16(b) and 15(a). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if

"good cause" be shown, the party must demonstrate that amendment was proper under Rule 15)).

"The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The focus of the good cause inquiry under Rule 16(b) is diligence of the moving party. *Johnson*, 975 F.2d at 609 ("The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.") (citation modified).

Once the movant shows good cause to amend the scheduling order, it must then show that amendment is proper under Rule 15. Rule 15(a) provides, "[t]he court should freely give leave [to amend] when justice so requires," and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Under Rule 15(a), courts consider, among other things, undue delay, bad faith, and prejudice to the opposing party. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355-56 (9th Cir. 1996). Of these factors, prejudice is the primary focus. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.**

Plaintiffs contend that leave to amend the Scheduling Order should be denied because Defendants were not diligent in moving to amend their Answer. Plaintiffs argue that Defendants have been aware of all the relevant facts for over a year and fact discovery closed in March 2026. (Doc. 94 at 8-11.) Defendants argue that due to the nature of the car crash, Defendant Garcia's memory loss, and a "convoluted" witness statement, it was unclear whether Plaintiff Gervacio Aguilera was wearing his seatbelt, so Defendants could not determine the extent of their liability. (Doc. 96 at 2-3.) Defendants only received clarity at their deposition of Plaintiffs' accident reconstruction expert in July 2026, and they moved to amend their answer in September 2026. The Court finds

that moving to amend two months after discovering relevant information is diligent, so the Court finds good cause to amend the Scheduling Order.

Plaintiffs also argue that amendment is improper under Rule 15(a). (Doc. 94 at 11-12.) They argue Defendants unduly delayed because they have had the relevant facts for well over a year. But as Defendants have explained, they moved to amend their Answer just two months after discovering relevant information about the crash, so the Court does not find this delay undue. Plaintiffs also argue that Defendants have a dilatory motive because their motion to amend tracks their litigation needs rather than any new evidence. But as the Court has explained, Defendants moved for leave to amend soon after discovering relevant information, so the Court does not attribute the proposed amendment to a dilatory motive. Lastly Plaintiffs argue that this amendment prejudices them, but they do not identify, nor is the Court aware of, any authority suggesting a plaintiff is prejudiced by a defendant seeking to *admit* liability. Thus, the Court finds amendment is proper.

Because the Court finds good cause under Rule 16(b) and that amendment is proper under Rule 15(a), the Court will grant Defendants leave to amend their Answer. Plaintiffs express concern that the proposed amended answer does not adequately reflect the concessions Defendants made in their motion and reply brief to amend and in their motion for partial summary judgment. The Court expects the parties' joint pretrial statement and the related pretrial order, which supersede the pleadings, to reflect these concessions. *See Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993). These concessions include that Defendant Garcia owed Plaintiff Gervacio Aguilera a duty of reasonable care; Garcia breached that duty; Garcia's breach caused the subject collision; Gervacio Aguilera was not comparatively negligent; Garcia was solely at fault for the accident; and Defendant Atzimba Catering is vicariously liable for Garcia's negligence. (Doc. 81 at 1; Doc. 96 at 5-6.) Lastly, Plaintiffs ask the Court to make various evidentiary rulings and preserve Plaintiffs' right to seek sanctions under Rule 37(c)(2). The Court declines to resolve these issues at this premature stage.

**II.**

**A.**

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted); *see also Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994) (holding that the court determines whether there is a genuine issue for trial but does not weigh the evidence or determine the truth of matters asserted).

**B.**

**1.**

The parties first dispute whether the record supports punitive damages. Arizona law is applicable to determine whether Plaintiffs can recover punitive damages. *Med. Lab'y Mgmt. Consultants v. ABC*, 306 F.3d 806, 812 (9th Cir. 2002). In a negligence action, "a plaintiff generally must show that the defendant's conduct was outrageous, oppressive or intolerable, and created a *substantial* risk of tremendous harm, thereby evidencing a *conscious* and *deliberate* disregard of the interests and rights of others." *Swift Transp. Co. v. Carman*, 253 Ariz. 499, 506 (2022) (citation modified) (emphasis in original). This risk of tremendous harm must be "substantially greater than that necessary to make [the defendant's] conduct negligent or even grossly negligent." *Id.* at 507. And the "outrageousness of the defendant's conduct" must demonstrate that "the defendant had an 'evil mind' when engaging in such conduct." *Id.* at 506 (citation modified). A plaintiff will generally only succeed "in proving the requisite 'evil mind' by

demonstrating that the defendant's conduct was criminal or that the defendant continued a course of conduct with knowledge of the past harm caused by that conduct." *Sanchez v. Lily Transp. Corp.*, No. CV-23-08117-PCT-JJT, 2025 WL 472584, at *3 (D. Ariz. Feb. 12, 2025) (citing *Swift*, 253 Ariz. at 506-07 & n.2). As such, "it will be only the rare negligence case that meets this standard." *Swift*, 253 Ariz. at 507.

For example, in *Swift*, a semitruck driver caused an accident because he used his jack brake in the rain, which he had been trained was dangerous; employed cruise control with an empty trailer, which he knew was dangerous; travelled at 62 miles per hour with limited visibility; and did not slow down as he went downhill and around a curve, despite being trained to do so. *Id.* at 502. The Supreme Court of Arizona held that this conduct did not warrant punitive damages. *Id.* at 509. And a post-*Swift* decision in this District concluded that an employer failing to discipline its driver after receiving 116 alerts for their traffic violations also did not warrant punitive damages. *Sanchez*, 2025 WL 472584, at *3.

Here, Plaintiffs argue that their punitive damages claim should proceed because Garcia often drove on four hours of sleep, Garcia's supervisor expressed concern about his lack of sleep, and Atzimba Catering lacked policies and training on fatigued driving. (Doc. 95 at 8-11.) But these facts pale in comparison to the egregious conduct described in *Swift*, which the Supreme Court of Arizona held did not evince an evil mind. *See Swift*, 253 Ariz. at 502, 509; *see also Bachrach v. Covenant Transp. Inc.*, Civil No. 10-00315 REJ, 2011 WL 1211767, at *2 (D. Ariz. Mar. 31, 2011) (finding that driving while tired is generally insufficient to support punitive damages). As to Atzimba Catering's direct negligence, awareness of and concern about Garcia not getting enough sleep falls significantly below the conduct of the employer in *Sanchez* who knew of its driver's 116 traffic violations and did nothing. And Atzimba Catering's lack of policies and training on fatigued driving does not evince an evil mind because it does not demonstrate that Atzimba Catering consciously disregarded or actually considered the risk of an accident

by failing to train him.*

While Defendants' conduct may very well support a claim of negligence—Defendants have conceded as much—their conduct does not evince an evil mind. As such, this is not one of the rare negligence cases where punitive damages are appropriate, and the Court will grant Defendants summary judgment on this issue.

**2.**

The parties next dispute whether Plaintiffs' direct negligence claims against Atzimba Catering for its allegedly negligent vetting, training, and supervision of Garcia should proceed. Arizona law recognizes claims for direct negligence separate from claims of vicarious liability. *Roaf v. Stephen S. Rebuck Consulting, LLC*, 257 Ariz. 452, 457 (2024). But "where the plaintiff claims no separate or additional damage from the employer's conduct, the employer's separate liability adds nothing to the damages sought, and any related evidence is similarly irrelevant." *Id.*

Here Defendants concede that Garcia was fully at fault for the accident and Atzimba Catering is vicariously liable for his negligence. (Doc. 81 at 1.) And except for punitive damages, which the Court has concluded the record does not support, Plaintiffs seek no additional damages from their direct negligence claims against Atzimba Catering. Thus, under *Roaf*, the direct negligence claims add nothing to the case.

Plaintiffs attempt to distinguish *Roaf* because that employer defendant also conceded its direct negligence, and, here, Atzimba Catering has not. But, again, whether Atzimba Catering was directly negligent has no bearing on the claimed damages, so its concession, or lack thereof, of direct negligence is irrelevant.

While the Supreme Court of Arizona reserved the question of whether direct negligence claims should proceed in this context, a decision in this District has favorably cited *Roaf*'s discussion of *McHaffie ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995), which articulates the majority rule that direct negligence claims should not

* Plaintiffs rely exclusively on *Encarnacion v. J.B. Hunt Transportation Inc.*, CV-24-01384-PHX-MTL, 2026 WL 83996 (D. Ariz. Jan. 12, 2026), to support their claim of punitive damages. (*See* Doc. 95 at 8-11.) But the inquiry of an "evil mind" is inherently case-specific, and the Court finds *Encarnacion* to be of limited persuasive value.

go forward when the employer has conceded vicarious liability. *Lewis v. May Trucking Co.*, No. 54 CV-25-04419-PHX-SMB, slip op. at 1-2 (D. Ariz. July 30, 2026). Because Plaintiffs can claim no separate or additional damages from Atzimba Catering's alleged direct negligence and Atzimba Catering has conceded it is vicariously liable for the accident, the Court concludes that summary judgment is appropriate for Defendants on the direct negligence claims. *See Lucero v. STI Trucking Inc.*, No. 25-668, 2026 WL 1180469, at *2 n.3 (9th Cir. Apr. 30, 2026) (mem.) (noting that a plaintiff suffers no prejudice from being unable to pursue his direct negligence claim when the employer defendant's separate liability added nothing to the damages).

## III.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Amend Their Answer (Doc. 90) is **GRANTED**. Defendants must file and serve their First Amended Answer, attached as Exhibit 1 to Defendants' Motion to Amend Their Answer (Doc. 90-1), in accordance with Local Rule 15.1 no later than **seven days from the date of this Order**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Partial Summary Judgment (Doc. 81) is **GRANTED**. Defendants are entitled to summary judgment on the issue of punitive damages. Defendants are also entitled to summary judgment on Plaintiffs' direct negligence claims.

Dated this 13th day of October, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge